1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN DAVID ANDERSON,                      No.  2:20-cv-0246 KJM DB P

12                  Plaintiff,

13          v.                                 ORDER

14   VANGERWEN, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants violated his rights in various ways, including by using

19   excessive force against him. Presently before the court is plaintiff's amended complaint for

20   screening.  (ECF No. 12.)  For the reasons set forth below the court will dismiss the amended

21   complaint with leave to amend.

22                                    **SCREENING**

23   **I.      Legal Standards**

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27   that are legally "frivolous or malicious,"  that fail to state a claim upon which relief may be

28   ////

                                            1

1   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2   U.S.C. § 1915A(b)(1) & (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13        However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20        The Civil Rights Act under which this action was filed provides as follows:

21            Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the deprivation
22            of any rights, privileges, or immunities secured by the Constitution .
              . . shall be liable to the party injured in an action at law, suit in equity,
23            or other proper proceeding for redress.

24  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

25  389.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

                                          2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at the Shasta County Jail.  (ECF No. 12 at 1.)  Plaintiff has named the County of Shasta as the sole defendant in this action.  Plaintiff's complaint alleges the following events:

- On December 20, 2018 he told booking officers at the Shasta County Jail that his hand was broken.  As he said it, one of the officers standing behind him "wrenched" his broken hand.  (Id. at 3.)

- On February 1, 2019, Deputy Van Gerwen conducted an "unwarranted search" of plaintiff's cell.  During the search the case for plaintiff's hand was thrown away. Van Gerwen also knowingly used a wrist lock on plaintiff's broken hand stating, "Hold still so I can break your hand." (Id. at 4.)

- Plaintiff states that after his cast was taken from him, it took nearly a week to get a new cast for his hand.  (Id. at 5.)

- Plaintiff claims his grievances were repeatedly "ignored, thrown away and/or disallowed." He was not given an ADA inmate handbook and it took numerous attempts to finally meet with the ADA coordinator. He alleges that the remedies for his medical needs were hindered.  (Id. at 6.)

////

3

- Plaintiff alleges that during his incarceration his grievances and witness list were lost from his jail records.  He claims officers retaliated against him while he exhausted administrative remedies and made it clear he was going to sue the County.  (Id. at 7.)

- On February 22, 2019, he was pushed into the corner of a small elevator with seven officers.  Plaintiff's arms were cuffed behind him and he was lifted and shoved into the corner where Deputy Andrew Page told plaintiff not to submit "another grievance—or else."  (Id. at 8.)

- He alleges that following "an alleged incident" on February 22, 2019, he was repeatedly harassed by Deputy Zachary Jurkiewicz to talk about the incident.  Plaintiff invoked his Fifth Amendment rights but was told the Fifth Amendment did not apply to jail proceedings.  He alleges Jurkiewicz tried to get plaintiff to talk about on several other occasions.  (Id. at 9.)

- On March 11, 2019, Jurkiewicz tried to get plaintiff's doctor to add "fighting with his casts on" into the doctor's medical record.  Plaintiff claims his medical records should be private, arguing "[w]hatever HIPAA rights a jail might have do not extend to the guard taking a prisoner to an appointment."  (Id. at 10.)  He claims because of Jurkiewicz's efforts, "He was in an altercation" is now in his hospital records.  (Id. at 11.)

- He alleges that on March 7, 2019, he was placed into "the hole."  The cell was dirty, he was not given cleaning equipment.  He alleges he suffered from gastrointestinal issues following his exposure to the dirty cell.  He also claims the jail lost one of his packages but found it a month later. Plaintiff questions the veracity of the jail's statement that the package was lost.

### III.   Failure to State a Claim

Plaintiff has identified the County of Shasta as the sole defendant in the amended complaint.  (ECF No. 12 at 1, 2.)  A municipality may not be held liable unless its policy or custom caused the constitutional injury.  See Leatherman v. Tarrant County Narc. Intell. and Coord. Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Social Servs., 436 U.S. 658, 694

4

1  (1978). Thus, a municipality may not be sued solely because an injury was inflicted by one of its

2  employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

3  Rather, the municipality is liable only when the execution of its policy or custom inflicts the

4  constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

5          A section 1983 claim against a municipal defendant "cannot succeed as a matter of law"

6  unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom

7  pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the

8  plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of

9  a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). To state a claim, plaintiff's

10  allegations must consist of more than mere "formulaic recitations of the existence of unlawful

11  policies, customs, or habits." J.K.G. v. County of San Diego, No. 11CV305 JLS (RBB), 2011

12  WL 5218253, at *8 (S.D. Cal. Nov. 2, 2011); Twombly, 550 U.S. at 555 (plaintiff must plead

13  more than "labels and conclusions").

14          Plaintiff has stated, "[t]he County of Shasta, California, government is responsible for the

15  actions and/or negligence of its employees." (ECF No. 12 at 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.) An

16  allegation that the County is responsible for the actions of its employees is not sufficient to state a

17  § 1983 claim against the County. In any amended complaint where Shasta County is the sole

18  named defendant, plaintiff should identify a policy or custom that caused his injury and explain

19  how that policy caused his injury. Because plaintiff has failed to state a claim against the sole

20  named defendant, the court will dismiss the complaint with leave to amend.

21      **IV.    Amending the Complaint**

22          In any amended complaint, plaintiff must demonstrate how the conditions about which he

23  complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also,

24  the complaint must allege in specific terms how each named defendant is involved. Arnold v.

25  Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42

26  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action

27  and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28  ////

1   Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

2   are not sufficient." <u>Ivey</u>, 673 F.2d at 268.

3        Plaintiff is advised that in an amended complaint he must clearly identify each defendant

4   and the action that defendant took that violated his constitutional rights.  The court is not required

5   to review exhibits to determine what plaintiff's charging allegations are as to each named

6   defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

7   charging allegations must be set forth in the amended complaint, so defendants have fair notice of

8   the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

9   support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

10  Fed. R. Civ. P. 8(a).

11       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

12  R. Civ. P 10(b).  The amended complaint must show the federal court has jurisdiction, the action

13  is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

14  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

15  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

16  right.  <u>Johnson</u>, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional

17  right if he does an act, participates in another's act or omits to perform an act he is legally

18  required to do that causes the alleged deprivation).

19       The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d

20  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

21  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

22  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

23  set forth in short and plain terms, simply, concisely, and directly.  <u>See</u> <u>Swierkiewicz v. Sorema</u>

24  <u>N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

25  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

26       Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

27  amended complaint complete.  An amended complaint must be complete in itself without

28  reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

1    prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,

2    each claim and the involvement of each defendant must be sufficiently alleged.

3         By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

4    has evidentiary support for his allegations, and for violation of this rule the court may impose

5    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

6                              **CONCLUSION**

7         For the foregoing reasons, IT IS HEREBY ORDERED that:

8         1.  The amended complaint (ECF No. 12) is dismissed.

9         2.  Within sixty (60) days of the date of this order, plaintiff shall file an amended

10            complaint that complies with the requirements of the Civil Rights Act, the Federal

11            Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

12            must bear the docket number assigned to this case and must be labeled "Second

13            Amended Complaint."

14        3.  The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint

15            form.

16        4.  Plaintiff is warned that his failure to comply with this order will result in a

17            recommendation that this action be dismissed.

18
     Dated:  December 2, 2020
19

20

21                                            _____
                                              DEBORAH BARNES
22                                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27   DB:12
     DB:1/Orders/Prisoner/Civil.Rights/ande0246.scm2
28