1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN DAVID ANDERSON,

Plaintiff,

v.

VANGERWEN, et al.,

Defendants.

No.  2:20-cv-00246 KJM DB P

ORDER

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his Fifth, Eighth, and Fourteenth Amendment rights as well as plaintiff's rights under the Americans with Disabilities Act ("ADA") and the Health Insurance Portability and Accountability Act ("HIPAA").  Before the court is plaintiff's second amended complaint ("SAC") for screening.  (ECF No. 15.)  For the reasons set forth below, plaintiff will be given the option of proceeding on his cognizable claims or filing an amended complaint.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

////

////

3

1

### III.   Allegations in the Complaint

2          In his SAC, plaintiff states that, at all relevant times, he was an inmate at the Shasta

3   County Jail in Redding, California.  (ECF No. 15 at 1.)  Plaintiff names as defendants the County

4   of Shasta, the Shasta County Sheriff's Office ("SCSO"), Former Shasta County Sheriff Tom

5   Bosenko, SCSO Captain David M. Kent, and ADA Coordinator SheyeAnne N. Bailey.  (Id. at 1-

6   2.)  Plaintiff also names as defendants SCSO correctional deputies Robert M. Van Gerwen,

7   Andrew D. Page, Zachary S. Jurkiewicz, William J. Decker, Brandon L. Brown, and Wyatt L.

8   Mason, as well as six unnamed SCSO correctional deputies ("Does 1-6").  (Id. at 2.)

9          The claims raised in the SAC relate to two events that occurred on February 1, 2019 and

10   February 22, 2019.  Plaintiff's allegations related to these two incidents are separated below.

11         **A.  February 1, 2019 Incident**

12          Plaintiff wears a cast on a broken hand and a boot on a broken foot.  (Id. at 7, 9.)  On

13   February 1, 2019, defendant Van Gerwen removed plaintiff from his cell during a cell search.

14   (Id. at 9.)  Plaintiff was removed without his hand cast and boot.  (Id.)  Defendant Van Gerwen

15   told plaintiff to "hold still, so I can break your hand" and "wrenched" on plaintiff's hand while it

16   was handcuffed.  (Id.)  Defendant Van Gerwen later tossed the boot towards plaintiff which "hit

17   the floor and slid at [plaintiff], hitting [his] broken foot."  (Id. at 10.)  Plaintiff's hand cast was

18   removed by either defendant Van Gerwen or an unnamed defendant Doe during the cell search

19   and remained missing afterward.  (Id. at 9.)

20          On February 8, 2019 plaintiff was told by defendant Brown that new grievance forms

21   about his missing cast would not "be accepted."  (Id. at 10.)  Plaintiff states that he does not

22   believe ADA procedures were followed.  (Id. at 12.)  Specifically, procedures related to ADA

23   complaints were not followed and any investigation of the February 1, 2019 incident was

24   "cursory, at best."  (Id.)  Plaintiff's new hand cast was delayed by a week.  (Id.)

25         **B.  February 22, 2019 Incident**

26          On February 22, 2019, plaintiff was involved in a fight with other inmates.  (Id. at 17.)

27   Prior to the fight plaintiff removed his hand cast and left it in his cell.  (Id.)  The incident report

28   written by defendant Decker stated that plaintiff used his arm cast to injure another inmate and

4

implied that plaintiff kicked that inmate with his booted foot. (Id. at 17-18.) Following the fight, defendant Van Gerwen said to the plaintiff, "so much for your lawsuit. Now you're getting hate crimes!" (Id. at 18.) Plaintiff was questioned about the fight on several occasions but "invoked his right to remain silent." (Id.) Defendant Jurkiewicz "attempted to influence the doctor's assessment and get the doctor to change my hospital records" to show that plaintiff had used his arm cast during the fight. (Id. at 21.) Plaintiff also indicates that charges stemming from this fight are still pending. (Id.)

Also on February 22, 2019, plaintiff was in an elevator with six unnamed defendants ("defendant Does 1-6") and defendant Page. (Id. at 15.) Plaintiff alleges he was "crushed…face first into the wall" out of view from the security camera. (Id.) The defendants "kept yelling, 'Stop resisting! Stop resisting!'" despite plaintiff not resisting. (Id.) Plaintiff was lifted by his arms, handcuffed from behind, and had his unbroken hand "wrenched". (Id.) Defendant Page threatened the plaintiff by saying, "You better not submit another fucking grievance or ADA form." (Id.) After leaving the elevator, defendant Page "continued to inflict pain" as plaintiff was returned to his cell." (Id.)

Plaintiff was placed in administrative segregation on March 7, 2019, as a result of the fight which occurred on February 22, 2019. (Id. at 22.) The walls of the cell in which plaintiff was placed during this period were "covered" in urine and feces. (Id.) Plaintiff was not provided supplies to clean the cell. (Id.) As a result of these conditions, plaintiff suffered several medical issues. (Id.)

**IV.     Does Plaintiff State a Claim under § 1983?**

**A. Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

////

and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

### 1. Deliberate Indifference to Medical Needs

#### i. Legal Standard for Deliberate Indifference to Medical Needs

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

6

Amendment rights."); <u>McGuckin</u>, 974 F.2d at 1059 (same).   Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. <u>Estelle</u>, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  <u>See Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir. 2002); <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin</u>, 974 F.2d at 1059; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  <u>See Toguchi</u>, 391 F.3d at 1058; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

**ii.  Analysis of Medical Needs Claims**

Plaintiff claims that defendant Robert M. Van Gerwen acted with deliberately indifference to plaintiff's serious medical needs when he took the plaintiff from his cell without his hand and foot casts.  (ECF No. 15 at 9.)  Plaintiff has not alleged sufficient facts to support his medical needs claim.

To establish deliberate indifference by a defendant, plaintiff must show both that the defendant was aware of plaintiff's serious medical needs and that he responded with deliberate indifference to those needs. <u>Farmer</u>, 511 U.S. at 834.  Plaintiff has not alleged any facts which show defendant was aware a serious medical need existed at the time plaintiff was removed from the cell.  Additionally, the alleged facts do not establish that defendant responded with deliberate indifference to plaintiff's medical needs.  Plaintiff alleges that defendant removed him from his

7

cell without his casts but does not allege any facts which establish that defendant was even aware of the plaintiff's need for hand and foot casts at the time plaintiff was removed from the cell.[1]  As plaintiff has not alleged facts showing defendant's had knowledge of his serious medical needs, the facts are insufficient to establish that defendant acted with deliberate indifference.  Id.

As alleged, these facts are insufficient to state a claim for deliberate indifference to medical needs under the Eighth Amendment.

### 2. Excessive Force

#### i.  Legal Standards for Excessive Force

For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10).

#### ii.  Analysis of Excessive Force Claims

#### a.  Defendant Van Gerwen

Plaintiff claims that defendant Van Gerwen used excessive force against him in violation of his Eighth Amendment rights.  The allegations in the SAC are sufficient to state a claim for excessive force under the Eighth Amendment.

Plaintiff alleges that during the cell search on February 1, 2019, defendant Van Gerwen "wrenched" plaintiff's hand while plaintiff was in handcuffs. (ECF No. 15 at 7.)  Plaintiff states

---

[1] Plaintiff also alleges that defendant Van Gerwen later "tossed [plaintiff's] foot cast/boot toward [plaintiff]." (ECF No. 15 at 10.)  Plaintiff states that the boot hit the floor, slid toward plaintiff, and hit his broken foot. (Id.)  If this is intended to support plaintiff's medical needs claim, it is insufficient to show deliberate indifference by defendant Van Gerwen.  As alleged, these facts only establish that the boot incidentally hit plaintiff's foot after hitting the floor and sliding.  Defendant accidentally hitting plaintiff's foot with the boot does not amount to deliberate indifference by defendant.

1    that inmates William Norton and Robert Parenteau heard defendant Van Gerwen say to the

2    plaintiff "hold still, so I can break your hand." (Id.) Plaintiff also states that the incident report

3    states that "a wrist lock was used, when [plaintiff] was already cuffed." (Id.) Under the facts

4    alleged, the force applied does not appear to have been necessary to maintain or restore discipline.

5    Wilkins, 559 U.S. at 37. Specifically, the use of a "wrist lock" while plaintiff was handcuffed

6    does not seem to serve any such disciplinary interest. If it is accurate, the alleged statement from

7    defendant Van Gerwen stating that plaintiff should stay still so that defendant Van Gerwen could

8    break his hand indicates that the purpose was solely to intentionally and maliciously cause harm

9    to the plaintiff. Id.

10         Accordingly, plaintiff has alleged sufficient facts to state a claim against defendant Van

11    Gerwen for use of excessive force in violation of plaintiff's Eighth Amendment rights.

12         **b. Defendant Does 1-6**

13         Plaintiff claims that six unnamed defendants used excessive force on the plaintiff on

14    February 20, 2020, when they pushed him against the wall of an elevator and wrenched his wrist.

15    (ECF No. 15 at 15.) Plaintiff has not alleged sufficient facts to state a claim as plaintiff has not

16    satisfied the linkage requirement.

17         A claim brought under § 1983 must show that each defendant personally participated in

18    the deprivation of plaintiff's rights. See Jones, 297 F.3d at 934. Plaintiff alleges that defendant

19    Does 1-6 deprived his rights but fails to identify the acts that particular defendants took that

20    violated his rights. (See ECF No. 15 at 15-16.) To allege sufficient facts to state a claim, plaintiff

21    must identify the specific act or omission committed by an individual defendant which violated

22    plaintiff's rights. Iqbal, 556 U.S. at 676. Where "Doe" defendants are used, plaintiff must still

23    attribute actions to specific defendants, even if their identity is unknown. Alexander v. Tilton,

24    No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009). Defendant does not

25    identify the specific actions of each individual defendant from the group of defendant Does 1-6,

26    instead simply alleging that members of the group performed acts that violated his rights, such as

27    wrenching his wrist.

28    ////

Given the above, plaintiff has not alleged sufficient facts to support a claim of excessive force by defendant Does 1-6. Should plaintiff file an amended complaint, plaintiff should identify the acts or omissions by each individual defendant that violated his rights.

### c.   Defendant Page

Plaintiff alleges that defendant Andrew D. Page used excessive force against plaintiff. Plaintiff alleges that defendant Page was in the elevator with defendant Does 1-6 when plaintiff was pushed against a wall and had his wrist wrenched. (ECF No. 15 at 15.) As with plaintiff's excessive force claims against defendant Does 1-6, plaintiff's claim that defendant used excessive force against plaintiff while they were in an elevator does not satisfy the linkage requirement. See Jones, 297 F.3d at 934. The SAC does not allege the specific acts taken by defendant Page in the elevator which violated his rights. Instead, plaintiff's allegations are generally leveled against defendant Page and defendant Does 1-6 as a group. As such these claims are not cognizable due to not satisfying the linkage requirement.

Plaintiff also alleges that after leaving the elevator defendant Page "continued to inflict pain all the way back to [plaintiff's] cell." (Id.) This allegation is attributed to defendant Page specifically. (Id.) However, plaintiff only vaguely claims that defendant Page "continued to inflict pain." (Id.) Plaintiff does not include any details about defendant Page's specific actions, such as how defendant Page caused pain for the plaintiff. As such, these claims are insufficient as the allegations are effectively conclusory. See Ivey, 673 F.2d at 268. In an amended complaint plaintiff must ensure that he alleges the specific acts or omissions taken by each individual defendant that deprived plaintiff of his constitutional rights.

Given the above, plaintiff has failed to allege sufficient facts to state a claim against defendant Page for use of excessive force in violation of plaintiff's Eighth Amendment rights.

### 3.   Conditions of Confinement – Unsanitary Conditions

The SAC contains an Eighth Amendment claim for a "threat to safety" against the plaintiff. (ECF No. 15 at 22-23.) However, this claim is about the conditions of a cell in which plaintiff was placed following the February 22, 2019 incident. (Id.) As such, this claim will be analyzed as an Eighth Amendment claim regarding the alleged unsanitary conditions of plaintiff's

confinement.  If plaintiff wishes to bring a threat to safety claim in an amended complaint, it needs to clearly state how the alleged facts relate to that claim.

### i.  Legal Standard for Unsanitary Conditions Claims

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  Id. at 834; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 837.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### ii.  Analysis of Unsanitary Conditions Claims

Plaintiff alleges that he was subject to unsanitary conditions when he was placed in administrative segregation. (ECF No. 15 at 22-23.)  Specifically, plaintiff alleges that the cell in which he was placed had "urine and feces covering the walls." (Id. at 22.)  Plaintiff claims he was also not provided with anything with which to clean the cell.  (Id.)

Plaintiff alleges facts that seem to show he was incarcerated in conditions that presented a substantial risk of harm to the plaintiff.  Farmer, 511 U.S. at 847.  However, plaintiff has not identified any specific defendant in connection with this claim, nor has he alleged the specific acts or omissions taken by that defendant which violated plaintiff's constitutional rights.  (See ECF No. 15 at 22-23.)  As such, it is impossible to assess whether any defendant acted with deliberate indifference as to the alleged unsanitary conditions of plaintiff's confinement.  Farmer, 511 U.S. at 847.  Deliberate indifference by the defendant must be shown to state a claim under the Eighth Amendment. Id.

Given the above, plaintiff has not alleged sufficient facts to establish an Eighth Amendment claim for unsanitary conditions of confinement.  In an amended complaint, plaintiff

must identify the specific defendants associated with each claim and how they participated in the deprivation of plaintiff's rights.

### B. Fourteenth Amendment

#### 1. Legal Standards for Fourteenth Amendment Claims

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485-86; Keenan, 83 F.3d at 1088-89.

#### 2. Analysis of Fourteenth Amendment Claims

##### i. ADA Grievance Claims

Plaintiff claims that his due process rights under the Fourteenth Amendment were violated in connection with the ADA grievance process. Specifically, plaintiff alleges that defendants Mason and Brown did not provide plaintiff with additional ADA grievance forms. (ECF No. 15 at 12.) Defendant Brown also allegedly told plaintiff that he would not take new ADA grievance forms from plaintiff. (Id.) Plaintiff further claims that some of Shasta County's procedures for ADA complaints were not followed. (Id.)

Plaintiff's claims regarding issues with the grievance process are not cognizable. Claims regarding a failure to process prisoner grievances are not actionable. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process prisoner's grievances not actionable under § 1983). Though plaintiff states that he had difficulty obtaining a form, that officers refused to take

1  his grievance form, and that his claims were not processed quickly, these claims are not

2  actionable.[2]  Id.  Additionally, prisoners do not have a liberty interest in a specific grievance

3  process.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (stating prisoners do not have

4  a liberty interest in a specific grievance process); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

5  1988) (finding there are no due process rights related to the administrative grievance process).

6  Accordingly, plaintiff cannot state a due process claim related to the specific grievance process as

7  he does not have a liberty interest in a specific process.  Id.

8       Given the above, plaintiff has failed to allege sufficient facts to state a due process claim

9  related to the ADA grievance process.

10              **ii.  Fourteenth Amendment Claims Related to State Criminal Charges**

11       Plaintiff claims defendant William J. Decker violated his Fourteenth Amendment due

12  process rights.  Plaintiff states that defendant Decker wrote an incident report about the February

13  22, 2021 fight involving the plaintiff.  (ECF No. 15 at 17.)  Plaintiff alleges that this report

14  "contained fabricated statements" which were eventually used to bring state criminal charges

15  against the plaintiff.  (Id.)  However, the status of the criminal charges stemming from this report

16  is unclear from plaintiff's complaint.

17       Plaintiff states that "in November 2020, I was brought back to Shasta County to again face

18  identical charges for the crimes I was sent to prison for in fall of 2019, eventually dropped, as

19  well as charges from the February 22, 2019 pod fight." (ECF No. 15 at 18.)  This appears to

20  imply that the unrelated charges were dismissed but the criminal case resulting from the February

21  22, 2019 fight is unresolved.  However, plaintiff's statement does not make it readily apparent the

22  exact status of these pending state cases.

23       Based on the status of the related state criminal case, plaintiff may be barred from

24  bringing this claim.  If charges related to the February 22, 2019 fight are still pending, this claim

25  ────────────────

26  [2] As a part of this claim, plaintiff suggests that he possibly faced retaliation by correctional
officers due to the filing of ADA grievances.  (See ECF No. 15 at 11.)  However, plaintiff has not
brought a First Amendment retaliation claim nor has he alleged specific facts related to this claim.

27  In an amended complaint, plaintiff must be sure to specify which of his constitutional rights he
claims were violated as well as how each defendant violated or contributed to the violation of

28  those rights.

1    would likely be barred due to the Younger doctrine.  The Younger doctrine states that federal

2    courts are required to abstain from interfering with ongoing state criminal proceedings.  Younger

3    v. Harris, 401 U.S. 37, 43-45 (1971).  Plaintiff's claim would also likely be barred if he has been

4    convicted of the state criminal charges.  Plaintiff may not maintain a § 1983 action that "would

5    render [his] conviction or sentence invalid" when his sentence or conviction has not previously

6    been reversed, expunged, declared invalid, or called into question upon issuance of a writ of

7    habeas corpus by a federal court.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

8         Plaintiff clearly states in the SAC that this claim addresses an investigation that resulted in

9    a state criminal case.  (ECF No. 15 at 18.)  Plaintiff also indicates that this criminal case is still

10   pending.  As this may cause plaintiff's claim to be barred, plaintiff's claim will be dismissed with

11   leave to amend.  In any amended complaint plaintiff should specify the status of ongoing state or

12   federal cases related to all of his claims.

13        **C. Fifth Amendment**

14        Plaintiff claims that his Fifth Amendment rights were violated during an investigation of

15   the February 22, 2019 fight.  (ECF No. 15 at 19-20.)  Plaintiff alleges that when questioned about

16   this incident he invoked his Fifth Amendment "right to remain silent."  (Id. at 19.)  Plaintiff

17   claims that correctional officers would "repeatedly try to get [plaintiff] to talk" despite plaintiff

18   invoking his Fifth Amendment rights.

19        **1.  Legal Standards for Fifth Amendment Claims**

20        The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal

21   case to be a witness against himself."  U.S. Const. amend. V.  The Fifth Amendment "can be

22   asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or

23   adjudicatory; and it protects against any disclosures which the witness reasonably believes could

24   be used in a criminal or could lead to other evidence that might so be used."  United States v.

25   Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995) (quotations omitted).

26        With respect to the privilege against self-incrimination, the Supreme Court "has

27   recognized that lawful conviction and incarceration necessarily place limitations" on an inmate's

28   exercise of the privilege.  McKune v. Lile, 536 U.S. 24, 38 (2002).  A prison disciplinary

proceeding is not a criminal proceeding and "the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prosecutors may not introduce statements made by criminal defendants during custodial interrogation unless it can be demonstrated that the defendant was warned prior to questioning and voluntarily waived his right. Miranda v. Arizona, 384 U.S. 436, 479 (1966).

### 2. Analysis of Fifth Amendment Claim

As with plaintiff's other claim related to pending criminal charges, plaintiff has indicated that the criminal charges from the February 22, 2019 fight are still pending against the plaintiff. If this is correct plaintiff's claims may be barred by Younger. See Younger, 401 U.S. at 43-45. If plaintiff's charges have been resolved, they may be barred under Heck. Heck, 512 U.S. at 486-87.

Even if plaintiff's claim is not barred, there is nothing in the complaint to indicate that a statement made by the plaintiff was used against him in a criminal proceeding. The SAC claims that the only statements given by plaintiff were that defendant Jurkiewicz should "watch the video" of the incident and that "the video will speak for itself." (ECF No. 15 at 19.) Though plaintiff has claimed he was criminally charged as a result of the February 22, 2019 incident, plaintiff has not alleged any facts that indicate that these statements were used against him. As such, plaintiff has not alleged sufficient facts to state a Fifth Amendment claim. See Miranda, 384 U.S. at 479.

As stated above, plaintiff has failed to allege sufficient facts to state a Fifth Amendment claim and his claims are potentially barred. Accordingly, this claim will be dismissed with leave to amend. In any amended complaint plaintiff should specify the status of other state or federal cases related to his claims.

### D. Americans with Disabilities Act

### 1. Legal Standards for ADA Claims

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). The Supreme Court has held that Title II of the ADA applies to state prisons. Pennsylvania Dept.

15

1  of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v. City of L.A., 250 F.3d 668, 691

2  (9th Cir. 2001).

3      "Generally, public entities must 'make reasonable modification in policies, practices, or

4  procedures when the modifications are necessary to avoid discrimination on the basis of

5  disability, unless the public entity can demonstrate that making the modifications would

6  fundamentally alter the nature of the service, program, or activity.'"  Pierce v. County of Orange,

7  526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).

8      To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is

9  an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive

10  the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

11  excluded from participation in or denied the benefits by the public entity; and (4) such exclusion,

12  denial of benefits or discrimination was by reason of the plaintiff's disability.  Simmons v.

13  Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d

14  1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978.

15      Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must

16  prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260

17  F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate

18  indifference, "which requires both knowledge that a harm to a federally protected right is

19  substantially likely, and a failure to act upon that likelihood."  Id. at 1139.  For a claim under the

20  ADA to be successful, the plaintiff must both "identify 'specific reasonable' and 'necessary'

21  accommodations that the state failed to provide" and show that the defendant's failure to act was

22  "a result of conduct that is more than negligent, and involves an element of deliberateness."  Id. at

23  1140.

24      Although "[t]he ADA prohibits discrimination because of disability," it does not provide a

25  remedy for "inadequate treatment for disability."  Simmons, 609 F.3d at 1022 (citing Bryant v.

26  Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's

27  simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not

28  create a remedy for medical malpractice.")).

### 2.  Analysis of ADA Claim

Plaintiff claims that his rights under the ADA were violated.  This claim stems from a one-week delay in plaintiff receiving a new hand cast.  (ECF No. 15 at 11.)

Plaintiff's allegations are insufficient to state a claim that plaintiff's rights under the ADA were violated.  Plaintiff claims that defendants failed to provide reasonable and necessary accommodations due to the delay in providing plaintiff with a replacement cast for his hand.  This may be sufficient to establish a delay in providing necessary accommodations for the plaintiff.  Duvall, 260 F.3d at 1140.  However, plaintiff has also not alleged any facts which show that the delay was a result of deliberate indifference by the defendants.  Id. at 1139.  To succeed on a claim for violation of plaintiff's rights under the ADA, plaintiff must both identify the accommodations that were not provided and show that defendant acted with deliberate indifference.  Id. at 1140.

As plaintiff has not alleged any facts establishing that the delay in receiving his cast was due to deliberate indifference by the defendants, he has failed to allege sufficient facts to state a claim under the ADA.  Plaintiff will be given the opportunity to amend his complaint to attempt to state a claim.

### E.  HIPAA/Privacy Claims

Plaintiff claims defendant Jurkiewicz violated his "HIPAA rights" by attempting to influence plaintiff's doctor to include in plaintiff's medical record that plaintiff was "fighting with his casts on" and that he was "in an altercation."  (ECF No. 15 at 21.)

Insofar as plaintiff seeks to bring an action under HIPAA, there is no private right of action under HIPAA.  United States v. Streich, 560 F.3d 926 (9th Cir. 2009).  The Ninth Circuit has recognized the due process clause protects a limited right to informational privacy.  Seaton v. Mayberg, 610 F.3d 530, 537–39 (9th Cir. 2010).  This right protects a party's interest in preventing unauthorized disclosure of personal information.  Id. at 539.  However, even if plaintiff intended to bring such a claim, the alleged facts do not appear to implicate any sort of informational privacy issue.  Plaintiff claims that defendant Jurkiewicz "attempted to influence" plaintiff's doctor's assessment of the plaintiff in order to support false charges against plaintiff.

17

1   (ECF No. 15 at 21.)  Under these facts, plaintiff's personal information was not disclosed to

2   defendant Jurkiewicz or any other party.  (See Id.)  Defendant Jurkiewicz attempting to have a

3   sentence added to plaintiff's medical file does not appear to involve an unauthorized disclosure of

4   plaintiff's personal information.  Seaton, 610 F.3d at 537–39.

5          Accordingly, plaintiff has failed to state a claim for violation of his informational privacy.

6   Additionally, to the extent plaintiff intended to bring a claim under HIPAA, no private cause of

7   action exists.  Plaintiff will be given leave to amend his complaint.

8                              **AMENDING THE COMPLAINT**

9          This court finds above that plaintiff has alleged sufficient facts to state a claim for

10  excessive force by defendant Van Gerwen.  However, the court also finds that the second

11  amended complaint fails to state any other claims.  Plaintiff will be given the option to either

12  proceed on the cognizable claim in the SAC or be given leave to file an amended complaint.

13         If plaintiff chooses to file an amended complaint, he must address the problems with his

14  complaint that are explained above.  Any amended complaint must be complete in itself.  The

15  court cannot refer to a prior complaint to understand the plaintiff's claims.

16         In an amended complaint plaintiff must clearly identify each defendant and the action that

17  defendant took that violated plaintiff's constitutional rights.  The court is not required to review

18  exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

19  plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

20  allegations must be set forth in the amended complaint, so defendants have fair notice of the

21  claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

22  of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

23  Civ. P. 8(a).

24         Any amended complaint must show the federal court has jurisdiction, the action is brought

25  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

26  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

27  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

28  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

18

1   deprivation of a constitutional right if he does an act, participates in another's act, or omits to

2   perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

3   conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.

4   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

5       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

6   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

7   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

8   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

9       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

10  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

11  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

12  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

13  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

14  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

15  litigation on the merits of a claim.");  Fed. R. Civ. P. 8.

16      An amended complaint must be complete in itself, without reference to any prior pleading.

17  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

18  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

19  evidentiary support for his allegations, and for violation of this rule, the court may impose

20  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

21                      **USAGE OF "DOE" DEFENDANTS**

22      The use of John Does in pleading practice is generally disfavored – but it is not prohibited.

23  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d

24  1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).

25  Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify

26  the names of the John Does "unless it is clear that discovery would not uncover their identities,"

27  Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other

28  possibility of finding their names.  Since by this order plaintiff will be granted leave to file an

                                        19

1   amended complaint, he must use the time given to amend to do everything he can to supply the

2   names of the Doe defendant without further assistance from the court.  He may seek extensions of

3   time for the filing of an amended complaint for that purpose if necessary.

4          Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use

5   "Doe" designations to refer to defendants whose names are unknown; however, he must number

6   them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers

7   to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the

8   defendants involved or list the Doe defendants involved and describe what each did to violate his

9   rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts

10  that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y."  <u>Alexander v.</u>

11  <u>Tilton</u>, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

12  ////

13  ////

14  ////

15  ////

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1     **CONCLUSION**

2          For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

3     follows:

4          1.  Plaintiff's second amended complaint (ECF No. 15) states a cognizable claim against

5              defendant Robert Van Gerwen for use of excessive force in violation of plaintiff's

6              Eighth Amendment rights.

7          2.  The second amended complaint (ECF No. 15) fails to state any other cognizable

8              claims.

9          3.  Plaintiff may choose to proceed on his cognizable claims set out above or he may

10             choose to amend his complaint.

11         4.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how

12             he wishes to proceed.  Plaintiff may use the form included with this order for this

13             purpose.

14         5.  Plaintiff is warned that his failure to comply with this order will result in a

15             recommendation that this action be dismissed.

16    Dated:  October 11, 2021

17

18                                                        _____

19                                                        DEBORAH BARNES
                                                          UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24    DB:14
      DB:1/Orders/Prisoner/Civil.Rights/S/ande0246.scrn

25

26

27

28

                                          21

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DAVID ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>VANGERWEN, et al.,<br><br>Defendants. | No.  2:20-cv-00246 KJM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

15
16

Check one:

17
18
19
20
21

_____    Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against CDCR Correctional Officer Robert W. Van Gerwen.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

22
23

_____    Plaintiff wants to amend the complaint.

24
25

DATED:_____                    _____

26

Robert W. Van Gerwen
Plaintiff pro se

27
28

22