UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DAVID ANDERSON, | No. 2:20-cv-00246 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| VAN GERWEN, et al., | |
| Defendants. | |

Plaintiff is an inmate proceeding pro se with a civil rights action. On December 23, 2022, the court directed plaintiff to file notice of whether he wished to proceed on his complaint as screened or be given leave to file an amended complaint. (ECF No. 22.) Plaintiff has filed notice that he wishes to file an amended complaint. (ECF No. 24.) Accordingly, plaintiff will be granted leave to file an amended complaint.

Plaintiff also notes that he wishes to file a separate action as to claims unrelated to this action. Plaintiff is permitted to file separate actions involving unrelated claims and defendants at any time and at his own discretion.

Finally, plaintiff has requested appointment of counsel. (ECF No. 23.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of

////

1

1  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
2  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
3  　　　　　The test for exceptional circumstances requires the court to evaluate the plaintiff's
4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
5  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
6  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
7  common to most prisoners, such as lack of legal education and limited law library access, do not
8  establish exceptional circumstances that would warrant a request for voluntary assistance of
9  counsel.
10  　　　　　In the present case, the court does not find the required exceptional circumstances.
11  Plaintiff's claims do not appear to involve particularly complex legal issues and he has thus far
12  succeeded in articulating some cognizable claims.  Additionally, the court cannot yet determine
13  the likelihood of plaintiff's success on the merits as defendant has not yet been ordered to file any
14  responsive pleadings.  Plaintiff's request relies on difficulties with accessing litigation materials,
15  utilizing the law library, and lack of legal education.  Thus, the court will not find that exceptional
16  circumstances exist and will deny plaintiff's request for counsel.
17  ////
18  ////
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with plaintiff's notice of how to proceed, plaintiff's Third Amended Complaint (ECF No. 21) is dismissed with leave to amend.
2. Plaintiff is granted sixty (60) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
3. Plaintiff's motion for the appointment of counsel (ECF No. 23) is denied without prejudice to its renewal at a later stage of these proceedings.

Dated: March 14, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/ande0246.31