UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DAVID ANDERSON, | No. 2:20-cv-00246 DC SCR P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT M. VAN GERWEN, | |
| Defendants. | |

Plaintiff is incarcerated in Washington State and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Pending before the undersigned is defendants' motion to extend deadlines. (ECF No. 48.) Plaintiff did not timely oppose the motion. For the reasons set forth below, defendants' motion is granted. The discovery and dispositive motion deadlines shall be continued to December 11, 2025, and March 3, 2026, respectively. All other provisions of the discovery and scheduling order ("DSO") remain in effect. (ECF No. 47).

**BACKGROUND**

The action is proceeding on plaintiff's fourth amended complaint filed March 20, 2023. (ECF No. 27.) The previously assigned magistrate judge screened the complaint under 28 U.S.C. § 1915A and determined it stated cognizable claims against defendants Van Gerwen, Page, Dorstad, Schritter, Hurte, Jurkiewicz, and Mason. (ECF No. 28.) As of April 3, 2025, all defendants have filed answers. (ECF Nos. 41, 46.) On April 8, 2025, the undersigned issued a

DSO setting a discovery cutoff of August 11, 2025, and a dispositive motion deadline of November 3, 2025.  (ECF No. 47.)

## DEFENDANTS' MOTION TO EXTEND DEADLINES

### I.     Defendants' Argument

On August 4, 2025, defendants moved to modify the DSO to allow additional time to depose plaintiff.  (ECF No. 48.)  Defendants' motion is supported by the declaration of counsel John R. Whitefleet (hereinafter "Whitefleet Decl.").  (ECF No. 48-1.)

On July 21, 2025, Defendants served a Notice of Deposition on plaintiff for a remote deposition to take place on August 4, 2025, to the address of record for plaintiff: a P.O. Box address in Washington.  (Whitefleet Decl. ¶ 3.)  On July 31, 2025, having not heard from plaintiff on the topic, defense counsel sought to coordinate transmission of a Zoom link for plaintiff to remotely appear.  (Id. ¶ 4.)  Counsel then learned that plaintiff is actually incarcerated at Airway Heights Correction Center located at 11919 Sprague Ave, Airway Heights, WA 99001, and only has access to his P.O. Box via a proxy, his mother.  (Id.)  Therefore, the deposition scheduled for August 4, 2025, was unable to proceed.  (Id. ¶ 5.)

Defense counsel attempted to coordinate with correctional authorities in Washington to arrange for the deposition to occur.  (Whitefleet Decl. ¶ 5.)  In doing so, defense counsel was informed Airway Heights Correction Center does not allow depositions at the facility over Zoom or other remote means but rather are only facilitated in person.  (Id.)  Defendants maintain that additional time is necessary to complete the deposition.  (Id.)

### II.    Legal Standard

Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order.  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).  In determining whether good cause exists to reopen discovery, courts

may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.  U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

### III.    Discussion

Defendants have established the diligence necessary to extend the discovery and dispositive motion deadlines.  Defendants scheduled the deposition two weeks out, which, given the remote nature of the planned deposition and the fact plaintiff's § 1983 action is not "exceedingly complex," constitutes "reasonable written notice" under Rule 30(b)(1) of the Federal Rules of Civil Procedure.  In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327 (N.D. Ill. 2005).  Second, defendants were not aware of plaintiff's incarceration in Washington State and reasonably relied on his address of record.  The court notes that in the Eastern District, a party appearing pro se is under a continuing obligation to keep the court and opposing parties advised as to his or her current address.  Local Rule 183(b).  Finally, there does not appear to be any prejudice to plaintiff as trial is not imminent and plaintiff has not timely opposed defendants' motion.  See Local Rule 230(l) (twenty-one (21) days to oppose motions in prisoner actions).

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendants' motion to extend deadlines (ECF No. 48) is GRANTED.

2.    Discovery is due by December 11, 2025, and all pretrial motions, except motions to compel discovery, shall be filed on or before March 3, 2026.  All other provisions of the DSO (ECF No. 47) remain in effect.

DATED: August 29, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE