UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DAVID ANDERSON, | No. 2:20-cv-0246 DC SCR P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT M. VAN GERWEN, et al., | |
| Defendants. | |

Plaintiff is incarcerated in Washington State and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff has filed a motion to appoint counsel and postpone his deposition. (ECF No. 50.) For the reasons set forth below, plaintiff's motion is denied without prejudice.

**PLAINTIFF'S MOTION**

**I.      Arguments**

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e)(1) and asserts the following exceptional circumstances. First, plaintiff argues that he is indigent and lacks financial resources to hire an attorney or pay for investigations, document production, postage, or legal supplies necessary to pursue his case. (ECF No. 50 at 2.) Second, plaintiff states that his incarceration severely limits his ability to litigate, particularly considering the fact-intensive and complex nature of his excessive force claims. (Id.) Third, plaintiff points to his limited education

1

1  and lack of training in the law, as well as the limited legal research materials in his minimum-
2  security facility. (Id. at 3.)

3        In addition, plaintiff requests that the court postpone his deposition pending resolution of
4  this motion because "counsel's presence is necessary to ensure his rights are protected during
5  questioning[.]" (Id. at 2.) He also points to "visual and procedural" disparities at trial that he will
6  face without counsel, such as appearing before the jury in "prison garb." (Id.) Defendants did
7  not timely oppose or otherwise respond to plaintiff's motion.[1]

8      **II.   Legal Standards**

9        District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent
10 indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298
11 (1989). In exceptional circumstances, the court may request that an attorney voluntarily represent
12 such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
13 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional
14 circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and
15 the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal
16 issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v.
17 Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack
18 of legal education and limited law library access, do not establish exceptional circumstances that
19 would warrant a request for voluntary assistance of counsel. Wood, 900 F.2d at 1335; Riley v.
20 Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

21       Beyond § 1915(e)(1), other sources of law may implicate a request for counsel. For
22 example, appointed counsel may be required in a civil proceeding as an accommodation for a
23 litigant who is disabled. See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013
24 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of
25 mentally disabled individuals in civil immigration proceedings on their request for appointed

---

[1] Defendants likely lack standing to object to a motion to appoint counsel. See Bumpus v. Nangalama, No. 2:12-cv-1102 GEB DAD, 2015 WL 5435364, at *4 (E.D. Cal. Sept. 15, 2015). However, the court notes that defendants took no position on postponing plaintiff's deposition.

representatives under the Rehabilitation Act). Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

### III.     Analysis

Plaintiff has not established exceptional circumstances warranting the appointment of counsel. Plaintiff's indigency, lack of legal training, and limited legal research resources are circumstances common to most prisoners that generally do not warrant the voluntary assistance of counsel. It is difficult to determine plaintiff's likelihood of success at this stage of the proceedings, but it appears that his excessive force claims are not so complex that he cannot articulate them pro se. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding district court did not abuse discretion in denying counsel to pro se litigant proceeding on Eighth Amendment excessive force claims); Williams v. Navarro, No. 3:18-cv-1318 DMS RBM, 2021 WL 634752, at *2 (S.D. Cal. Feb. 17, 2021) (finding plaintiff's excessive force claim "not sufficiently complex to warrant appointment of counsel" and collecting cases). While plaintiff's claims are likely fact-intensive, "the need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues." Wilborn, 789 F.2d at 1331 n.5.

Regarding plaintiff's request to postpone his deposition pending the appointment of counsel, plaintiff does not state when the deposition will occur.[2] Nor does plaintiff identify what particular rights he believes the appointment of counsel would safeguard. Evidence that the questioning will implicate a specific right, such as the Fifth Amendment right against self-incrimination, may, in some situations, warrant appointment of counsel. However, the vague and generalized concerns that plaintiff presents here are insufficient. Finally, plaintiff's concerns regarding visual disparities at trial are premature. Plaintiff will have an opportunity to present these concerns to the trial judge for resolution prior to the trial phase of the case.

Accordingly, plaintiff's motion to appoint counsel and to postpone his deposition is

---

[2] By separate order, the undersigned granted defendants' request to extend the deadline to conduct discovery to December 11, 2025. (ECF No. 49.)

denied. The denial is without prejudice, which means that plaintiff may renew his motion at a later stage of the proceedings.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel and to postpone his deposition is DENIED without prejudice.

DATED: December 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE